```
     JCA5merC                         conference

1    UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
2    ------------------------------x

3    UNITED STATES OF AMERICA,              New York, N.Y.

4              v.                           19 Cr. 832 (ER)

5    LUIS MERCED,
     WILLIAM SKINNER,
6    DORIAN BROOKS,

7              Defendants.

8    ------------------------------x

9                                           December 10, 2019
                                            10:10 a.m.
10

11   Before:

12                     HON. EDGARDO RAMOS,

13                                          District Judge
```

```
JCA5merC                       conference
```

1                              APPEARANCES

2    GEOFFREY S. BERMAN
            United States Attorney for the
3           Southern District of New York
     BY:    ANDREW K. CHAN
4           Assistant United States Attorney

5    MIEDEL & MYSLIWIEC
            Attorneys for Defendant Merced
6    BY: AARON MYSLIWIEC

7    LAW OFFICE OF GEORGE R. GOLTZER
            Attorneys for Defendant Skinner
8    BY: GEORGE R. GOLTZER

9    LAW OFFICE OF MARK S. DeMARCO
            Attorneys for Defendant Brooks
10   BY: MARK S. DeMARCO

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1           (Case called)

2           THE DEPUTY CLERK:  Counsel, please state your name for

3  the record.

4           MR. CHAN:  Good morning, your Honor.  Andrew Chan here

5  on behalf of the United States.

6           THE COURT:  Good morning.

7           MR. MYSLIWIEC:  Good morning, your Honor.  Aaron

8  Mysliwiec here on behalf of Mr. Merced.

9           MR. GOLTZER:  Good morning, your Honor.  George

10  Goltzer for Mr. Skinner.

11          MR. DeMARCO:  And Mark DeMarco for Mr. Brooks.  Good

12  morning, your Honor.

13          THE COURT:  Good morning to you all.  This matter is

14  on for initial conference so, Mr. Chan, beginning with you, why

15  don't you tell me a little bit about the case.

16          MR. CHAN:  Your Honor, all three defendants are

17  charged with one count of murder in furtherance of drug

18  trafficking in violation of Title 21, United States Code,

19  Section 848(e), and Title 18 United States Code Section 2.

20  These charges relate to the participation of the defendants in

21  a murder that took place on February 10, 1989.  On that date,

22  in the Bedford Stuyvesant neighborhood of Brooklyn these men

23  participated in the murder of an individual named Efren

24  Cardenas, who was shot over 20 times.  The evidence at trial

25  will show that these three defendants participated in the

1  murder as part of their involvement in a drug trafficking
2  organization that was distributing large kilogram quantities of
3  powder cocaine and crack cocaine in the New York City
4  metropolitan area as well as the Washington, D.C. metropolitan
5  area.
6              An indictment was filed on November 19th, and
7  Defendants Merced and Skinner were arrested on November 20th
8  and arrested and presented in magistrate court.  On December 6,
9  Dorian Brooks was transferred from state custody to federal
10 custody and was also presented in magistrate's court.
11             Can I provide an update regarding discovery?
12             THE COURT:  Please.
13             First of all, tell me what discovery is.
14             MR. CHAN:  The discovery in this case is primarily
15 consisting of law enforcement records, an autopsy report, some
16 photographs, some phone records, excerpts from some witness
17 interview reports, and a trial transcript from defendant
18 William Skinner's trial relating to this murder in Brooklyn
19 County Supreme Court back in October of you 1990.  Unlike many
20 of our other cases, the discovery in this case is not
21 particularly voluminous.  There is not much of any electronic
22 discovery to be produced and so I think that it should not take
23 very long for the defendants to review the discovery.  We
24 already entered a protective order for the Court's
25 consideration on behalf of defendants Merced and Skinner, which

JCA5merC                          conference

1     the Court signed, and discovery was produced to them on
2     November 27.  I believe on Friday I filed a motion to the Court
3     requesting for a modification of the prospective or to also
4     cover Defendant Brooks, and the discovery was given to Brooks'
5     attorney before the conference this morning.
6             THE COURT:  Is that protective order on consent?
7             MR. GOLTZER:  Yes.
8             MR. MYSLIWIEC:  Yes.
9             MR. DeMARCO:  Yes, your Honor.
10            THE COURT:  So, discovery is complete from the
11    government's perspective, Mr. Chan?
12            MR. CHAN:  Yes, your Honor.
13            THE COURT:  Why don't you tell me about that 1990
14    state trial.
15            MR. CHAN:  Yes, your Honor.
16            Defendant William Skinner was arrested by the New York
17    City Police Department in connection with this murder of Efren
18    Cardenas.  His case, and his case alone, the other two
19    defendants in this case were not arrested and were not charged
20    in Brooklyn Supreme Court.  Mr. Skinner was.  He proceeded to
21    trial in October of 1990.  My understanding, based on the Court
22    records, is that he was acquitted of the murder charge and then
23    he was convicted of a criminal possession of a weapon charge in
24    the second degree.  That case then went to the Appellate
25    Division and, on appeal, the Appellate Division vacated the

1    conviction for the criminal possession of weapon on the grounds
2    of insufficient evidence.
3              THE COURT:  How do the defendants wish to proceed?
4              MR. GOLTZER:  We would like an opportunity to review
5    the discovery, submit preliminary budgets to the Court for at
6    least two of the defendants because it is a potentially capital
7    case.  Even though the government is not at this time
8    requesting mitigation, it is incumbent upon us, with gentlemen
9    of middle age who have been out of trouble for the most part
10   for, at least Mr. Skinner for 30 years or 25 years, to submit
11   mitigation at some point, if necessary.
12             So, we would like to put together a team, have a
13   chance to review the discovery, get a decision from the
14   government on the death penalty.  We expect we know it is going
15   to be, but we would like to defer a motion schedule until we at
16   least have that decision.
17             THE COURT:  Mr. Chan, what can you tell me about that?
18             MR. CHAN:  Your Honor, all I can really say is that
19   the capital case process is under way with respect to two of
20   the three defendants.  Mr. Merced is not eligible for the death
21   penalty because he was 17 years old at the time of the murder.
22   Defendants Skinner and Brooks are potentially eligible for the
23   death penalty.  I can say that the capital case process is
24   under way.  As the Court is aware, the process can sometimes
25   take months.  At this stage we are not asking for any

1    submissions from the defendants.
2            THE COURT:  Very well.
3            So, Mr. Goltzer, how long to make sense?
4            MR. GOLTZER:  Well, we were requesting -- and we
5    consulted with your deputy -- for February the -- was it the
6    12th?  I'm sorry.
7            THE DEPUTY CLERK:  Yes, February 12th.
8            MR. GOLTZER:  February 12 at 3:30 to give the Court an
9    update of where we are, if that's agreeable.
10           THE COURT:  That's okay with me.
11           Mr. Chan?
12           MR. CHAN:  Yes, your Honor.
13           MR. GOLTZER:  And we, of course, consent to the
14   exclusion.
15           THE COURT:  Very well.
16           Is there anything else that we can do today, Mr. Chan?
17           MR. CHAN:  Your Honor, the government would move to
18   exclude time under the Speedy Trial Act between today and the
19   date of the next conference on February 12th.  Such an
20   exclusion of time is in the interests of justice because it
21   will allow for the defendants to review the discovery that's
22   been produced and to determine what, if any, pretrial motions
23   they wish to file.
24           THE COURT:  No objection?
25           MR. GOLTZER:  None.

JCA5merC                           conference

1      MR. DeMARCO:  No objection.

2      MR. MYSLIWIEC:  No objection.

3      THE COURT:  Very well.

4      I will exclude the time between now and February 12th
5 under the Speedy Trial Act.  I find that it is in the best
6 interests of the defendant to review the discovery that's been
7 provided by the government and that that interest outweighs the
8 interest of the public in a speedy and public trial.  So, that
9 time will be excluded.

10     Unless there is anything else, we are adjourned.

11                              o0o