# Mark S. DeMarco
Attorney At Law
3867 East Tremont Avenue
Bronx, New York 10465
718 239 7070
Fax 718-239-2141
MSDLaw@aol.com

November 28, 2021

Honorable Edgardo Ramos
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

**BY ECF & ELECTRONIC MAIL**

                                                    Re:    *United States v. Dorian Brooks*
                                                              19 Cr. 832 (ER)

Your Honor:

      This letter is respectfully submitted in opposition to the government's Motions *in Limine* dated November 16, 2021, seeking (1) to admit prior sworn testimony from an alleged civilian eyewitness pursuant to Rules 801 and 804 of the Federal Rules of Evidence; (2) to admit evidence that Mr. Brooks participated in murders in Washington, D.C., (3) to admit out-of-court statements about the charged murder allegedly made by other members of the drug conspiracy, who will not be called as witnesses at trial, and; (4) to preclude cross-examination of a cooperating witness's prior convictions for rape and kidnapping. This Court should deny the government's motion in its entirety.

**<u>The Government's Proffered Evidence</u>**

**<u>The Prior Sworn Testimony of Witness-1 is
Presently Inadmissible</u>**

      *<u>Federal Rule of Evidence 801</u>*

      *Rule 801(d)(1)(A)* of the Federal Rules of Evidence provides that "[a] statement is not hearsay if . . . the declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is . . . inconsistent with his testimony, and was given under oath subject to the penalty of perjury at a trial, hearing, or other proceeding, or in a deposition." *Fed. R. Evid. 801(d)(1)(A)*.

      That Witness-1's prior grand jury and trial testimony were given under oath is not in dispute. However, this Court must determine whether Witness-1's purported lack of memory is

1

Hon. Edgardo Ramos
November 28, 2021

genuine and defendants should be provided the opportunity to examine the witness to explore whether her memory loss is more convenient than actual.  While this witness presumably spoke with the prosecution numerous times since testifying under oath before the grand jury and at trial, this witness has never spoken to the defense attorneys in this case, leaving counsel for Mr. Brooks[1] concerned that this witness may be feigning a lack of memory to avoid testifying at trial.  Indeed, "the unwilling witness often takes refuge in a failure to remember, and the astute liar is sometimes impregnable unless his flank can be exposed to an attack of this sort." *3A J. Wigmore, Evidence § 1043*, at 1061 (Chadbourn rev. ed. 1970).

    Further, the necessity for the admission of a prior inconsistent statement is not in itself sufficient to satisfy *Rule 801(d)(1)(A)*.  In addition to establishing that the prior inconsistent statement was given under oath, the declarant who made the prior statement must both testify and be subject to cross-examination concerning the statement at the trial where the statement is sought to be introduced.  Where it is expected that Witness-1 will testify to having total amnesia concerning her prior statements making her not subject to cross-examination, under these unique circumstances this Court should conclude that the witness is not subject to meaningful cross-examination under *Rule 801(d)(1)(A)*.

    It is not enough that the declarant is subject to cross-examination in some general sense: she must be subject to questioning that in some way relates to the prior statement itself.   Where a witness suffers a total memory lapse concerning her prior statements and their contents, the witness cannot be considered subject to cross-examination concerning the statements under the Rule. *See 4 Weinstein's Evidence para. 801(d)(1)(A)*, at 801-132 (1984).

    Legislative history suggests that this cross-examination requirement played an important role in the adoption of the Rule. *See United States v. Distler*, 671 F.2d 954 (6th Cir. 1981) (reviewing legislative history of Rule); *4 D. Louisell & C. Mueller, Federal Evidence § 419*, at 179 ("both the Advisory Committee and Congress relied heavily upon this requirement as the principal justification for according substantive effect to prior inconsistent statements").  As the Senate Judiciary Committee stated in a report rejecting the House of Representatives' addition of a requirement that the prior statement must have been cross-examinable at the time it was originally made, a requirement that was deleted  in the Rule as ultimately adopted, "the requirement . . . appears unnecessary since this rule comes into play only when the witness testifies in the present trial . . . and can explain an earlier position and be cross-examined as to both." S. Rep. No. 1277, 93d Cong., 2d Sess. 15-16, reprinted in 1974 U.S. Code Cong. & Ad. News 7051, 7062.

    Accordingly, this Court must avoid interpreting the cross-examination requirement of this witness formalistically so as to admit her prior statements when she may not, in effect, be cross-examinable at trial concerning her statements.

    In any event, even if Witness-1's prior sworn statements are admissible, the amount of

---

[1] Witness-1 is represented by counsel, who advised Mr. Brooks's attorneys that she was unavailable to be interviewed.

Hon. Edgardo Ramos
November 28, 2021

admissible evidence already available to the government at this time is so great that the introduction of this evidence would be unduly prejudicial, confusing and would result in the jury making improper inferences about the defendants in this case. See *United States v. Ozsusamlar,* 428 F. Supp. 2d 161, 170 (S.D.N.Y. 2006*); Rule 403 Advisory Committee Notes* ("[t]he availability of other means of proof may also be an appropriate factor" in determining admissibility).

**Evidence of Mr. Brooks's Alleged Participation in Murders Committed in Washington, D.C., is Unnecessary, Unduly Prejudicial & Improperly Highlights the Defendant's Criminal Character**

As set forth in Mr. Brooks's motion *in limine* dated November 15, 2021, in light of the charges in this case and all of the admissible evidence available to prove these charges, the inherently and unduly prejudicial nature of two murders allegedly committed by Mr. Brooks at or near the time of the murder charged here, would only be probative of the defendant's character and criminal propensities and would serve no other purpose than to allow the jury to improperly infer that he is likely to have acted in conformity with those propensities in this case. The probative value of this evidence is easily outweighed by its potential for unfair prejudice and the evidence therefore should be excluded under *Rule 403*.

**Co-Conspirator Statements Regarding the Cardenas Murder**

*Federal Rules of Evidence 801(d)(2)(E)*

Nor should this Court permit the government to introduce, pursuant to *Federal Rule of Evidence 801(d)(2)(E)* statements made to government witnesses by alleged members of the charged drug trafficking organization ("DTO") regarding the Cardenas shooting.

*Rule 801(d)(2)(E) of the Federal Rules of Evidence* provides that a statement is not hearsay if:

> [t]he statement is offered against a party and is . . . a statement by a coconspirator of a party during the course of and in furtherance of the conspiracy. The contents of the statement shall be considered but are not alone sufficient to establish . . . the existence of the conspiracy and the participation therein of the declarant and the party against whom the statement is offered . . . .

*Fed. R. Evid. 801(d)(2)(E)*. Therefore, for a statement to be admissible under *Rule 801(d)(2)(E)*, a court must find by a preponderance of the evidence that: (1) there was a conspiracy in existence; (2) the declarant and the defendant against whom the statement is offered were members of the conspiracy; and (3) the statement was made (a) in furtherance of the conspiracy and (b) during the course of the conspiracy. *See, e.g., Bourjaily v. United States, 483 U.S. 171, 175, 107 S. Ct. 2775, 97 L. Ed. 2d 144 (1987)*; *United States v. Stewart, 433 F.3d 273, 291 (2d Cir. 2006)*; *United States v. Tracy, 12 F.3d 1186, 1196 (2d Cir. 1993)*; *United States v.*

3

Hon. Edgardo Ramos
November 28, 2021

*Maldonado-Rivera, 922 F.2d 934, 958 (2d Cir. 1990)*.  The Second Circuit has clarified that

> [a]s the "in furtherance" term implies, the statements must in some way have been designed to promote or facilitate achievement of the goals of the ongoing conspiracy, as by, for example, providing reassurance to a coconspirator, seeking to induce a coconspirator's assistance, serving to foster trust and cohesiveness, or informing coconspirators as to the progress or status of the conspiracy, or by prompting the listener -- who need not be a coconspirator -- to respond in a way that promotes or facilitates the carrying out of a criminal activity.

*Tracy, 12 F.3d at 1196* (citations omitted); *see Maldonado-Rivera, 922 F.2d at 958*; *United States v. Beech-Nut Nutrition Corp., 871 F.2d 1181, 1199 (2d Cir. 1989)*.

These prerequisites to admission of an *801(d)(2)(E)* statement are "preliminary questions concerning . . . the admissibility of evidence" as referenced in *Fed. R. Evid. 104(a)*, and must be proven by a preponderance of the evidence. *Bourjaily, 483 U.S. at 176*; *United States v. Daly, 842 F.2d 1380, 1386 (2d Cir. 1988) cert. denied, 488 U.S. 821, 102 L. Ed. 2d 43, 109 S. Ct. 66 (1988)*.  The court may consider the hearsay statements themselves, but "these statements are presumptively unreliable, and, for such statements to be admissible, there must be some independent corroboration of the defendant's participation in the conspiracy." *United States v. Diaz, 176 F.3d 52, 83 (2d Cir. 1999)* (citing *United States v. Tellier, 83 F.3d 578, 580 (2d Cir. 1996))*.

### **Statements Made "In Furtherance Of" A Conspiracy**

As a preliminary matter, it must be noted that Mr. Brooks neither concedes that he was a member of a DTO nor that a conspiracy existed of which he or any declarant of the government's proposed statements were members.

In any event, the final requirement for the admission of a coconspirator's statement – that the statement be made in furtherance of a conspiracy – cannot be satisfied.  "[T]he conspiratorial objective being furthered by the declarant's statement *must in fact be the objective of a conspiracy between the defendant and the declarant. Russo, 302 F.3d at 45* (emphasis added). "The statements must in some way have been designed to *promote or facilitate achievement of the goals of the ongoing conspiracy. . . ."  United States v. Diaz, 176 F.3d 52, 85 (2d Cir. 1999)* (citing *Tracy, 12 F.3d at 1196*) (emphasis added); *United States v. Smalls, 131 F.3d 132 (2d Cir. 1997)*; *Glenn v. Bartlett, 98 F.3d 721, 728 (2d Cir. 1996)*;  *United States v. Gambino, 101 F.3d 683 (2d Cir. 1996)*.

The touchstone of the "in furtherance" requirement is that the statement be designed to promote the accomplishment of the conspiracy's goals.  "The principal question in the 'in furtherance' issue is whether the statement promoted, or was intended to promote, the goals of the conspiracy." *United States v. Beech-Nut Nutrition Corp., 871 F.2d 1181, 1199 (2d Cir. 1989)*.  Statements which tend to *frustrate or hinder* the goals of the conspiracy, or those which cannot

4

Hon. Edgardo Ramos
November 28, 2021

conceivably be interpreted to advance the accomplishment of conspiracy objectives, cannot reasonably be interpreted to further that conspiracy.

While the government claims that these statements were designed to promote or facilitate achievement of the goals of the conspiracy, the evidence presently before this Court points unfailingly towards only one interpretation of these statements: that they were not intended to further a conspiracy but were merely references to past events or "mere idle chatter" or conversation between street drug dealers and friends that do not satisfy the "in furtherance" requirement of *Rule 801(d)(2)(E)*. See  e.g., Tracy, 12 F.3d at 1196; United States v. Paone, 782 F.2d 386, 390 (2d Cir. 1986).

These statements are not in furtherance of the conspiracy because they do not promote the conspiracy, provide reassurances to a co-conspirator, or inform a co-conspirator of the status of the conspiracy. Assuming that the conspiracy describe exists, many of the statements amount to one co-conspirator narrating what another co-conspirator did (or thinks that co-conspirator did). .

Certainly, the following statements fall into this category:

- statements made to Witness-2 that Mr Merced set up the murder; that Mr. Skinner and a person known as "Sequan" served as the shooters, and; that the murder yielded a quantity of cocaine;

- statements made to Witness-2 by Sequan expressing his concern that Mr. Skinner would cooperate with law enforcement, and;

- a conversation between Witness-3 and "either CW-1 or Witness-2" about the robbery and murder of a "Spanish Guy."

Accordingly, since the government has failed to produce or proffer proof sufficient to show by a preponderance of the evidence that the proffered statements were in furtherance of the conspiracy alleged in the indictment, this Court should deny their request to admit them pursuant to *Federal Rule of Evidence 801(d)(2)(E)*.[2]

**Defendants Should be Permitted to Cross-Examine
the Government's Cooperating Witness About
His Rape and Kidnapping Convictions**

Next, the government seeks an order from this Court precluding the cross-examination of its cooperating witness regarding his prior rape and kidnapping convictions, contending that the subjects do not bear on the witnesses' credibility, are collateral to the issues relevant at trial, have little or no probative value, and are unfairly prejudicial.

---

[2] Even if the purported statements were admissible under *Rule 801(d)(2)(E)*, and they are not, the sheer vagueness and unreliability of the statements alone make the danger of unfair prejudice significantly greater than any probative value. *Fed. R. Evid. 403.*

Hon. Edgardo Ramos
November 28, 2021

However, this Court must permit cross-examination on these two violent felony convictions since they are probative of the witness's credibility and since they demonstrate a pattern of conduct that bears directly on the witness's credibility. The Court must also permit cross-examination on the "90 years to life [term of] imprisonment" imposed for these convictions so that the defendants may explore whether this witness expects to receive a benefit or has been promised a sentence reduction or any other benefit in exchange for his cooperation in this case.

The Confrontation Clause of the Sixth Amendment provides that in criminal cases the accused has the right to "be confronted with the witnesses against him." *U.S. Const. amend. VI.* The ultimate goal of the Confrontation Clause is to ensure reliability of evidence, but it is a procedural rather than a substantive guarantee. *Crawford v. Washington*, 541 U.S. 36, 61 (2004). It commands, not that evidence be reliable, but that reliability be assessed in a particular manner: by testing in the crucible of cross-examination. *Id.*

Cross-examination is the principal means by which the believability of a witness and the truth of his testimony are tested. Subject always to the broad discretion of a trial judge to preclude repetitive and unduly harassing interrogation, the cross-examiner is not only permitted to delve into the witness' story to test the witness' perceptions and memory, but the cross-examiner has traditionally been allowed to impeach, i.e., discredit, the witness. One way of discrediting the witness is to introduce evidence of a prior criminal conviction of that witness. By so doing the cross-examiner intends to afford the jury a basis to infer that the witness' character is such that he would be less likely than the average trustworthy citizen to be truthful in his testimony. The introduction of evidence of a prior crime is thus a general attack on the credibility of the witness. It is not necessary that the cross-examination would have been certain to affect the jury's assessment of the witness' reliability or credibility; rather, "it is sufficient that a jury 'might reasonably' have questioned the witness's reliability or credibility in light of the cross-examination." *Fowler v. Sacramento County Sheriff's Dep't,* 421 F.3d 1027, 2005 U.S. App. LEXIS 18840 (*citing Del. v. Van Arsdall,* 475 U.S. 673, 680 (1986), *Davis v. Alaska,* 415 U.S. 308, 319 (1974), and *Olden v. Kentucky*, 488 U.S. 227, 232 (1988)).

The right to cross-examine is not limitless. *Fowler*, 421 F.3d at 1036. Trial judges "retain wide latitude" to "impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." *Van Arsdall*, 475 U.S. at 679. "Rather significantly, however, these restrictions must be 'reasonable,' and 'may not be arbitrary or disproportionate to the purposes they are designed to serve.'" *Fowler*, 421 F.3d at 1037 (*quoting Van Arsdall*, 475 U.S. at 679).

*Federal Rule of Evidence 608(b)* permits inquiry into "specific instances of the conduct of a witness" where that conduct is "probative of truthfulness or untruthfulness" and where the questioning concerns "the witness' character for truthfulness or untruthfulness." *Fed. R. Evid. 608(b)*; see also *United States v. Bagaric*, 706 F.2d 42, 65 (2d Cir. 1983); *United States v. Nelson*, 365 F. Supp. 2d 381, 386-87 (S.D.N.Y. 2005). In accordance with this rule, courts in this Circuit have regularly permitted cross-examination regarding prior conduct that bears on a witness's character for truthfulness. See, e.g., *United States v. Schatzle*, 901 F.2d 252, 255-56 (2d Cir.1990) (permitting questions regarding omission of prior arrest from bar application). CW-2's

Hon. Edgardo Ramos
November 28, 2021

numerous arrests, convictions and bad acts are relevant to this witness's capacity to live a law-abiding life.

      Clearly, this witness has a history and pattern of criminal activity. Evidence which demonstrates a relevant pattern of conduct by a witness, or his intent or absence of mistake based on similar past conduct, is clearly admissible and proper grounds for cross-examination. See, e.g., *Ismail v. Cohen*, 899 F.2d 183, 188-89 (2d Cir. 1990) (allowing cross-examination regarding police officer's prior assault and wrongful arrest).  That CW-2 has engaged in various criminal acts resulting including these two convictions and will be testifying at trial while serving a sentence for these crimes establishes such a pattern and this witness's history of this type of conduct is proper grounds for cross-examination to support an argument that CW-2 is neither trustworthy nor credible and may be seeking a sentence reduction in exchange for his cooperation in this case.

      Furthermore, cross-examination on CW-2's crimes of violence will permit the jury to use this pattern of criminal conduct to evaluate this witness's testimony. The jury may use this information to find him to be less credible (or not credible at all), based on this conduct.

      Any concerns about issue confusion or undue prejudice is not sufficient to completely exclude this cross-examination, especially when the jury can be instructed about the proper use of the evidence.   Indeed, if cross-examination about CW-2's rape and kidnapping convictions are thought as likely to be used for an improper purpose, that improper use could be avoided with pointed jury instructions especially where, as here, a jury might reasonably question CW-2's credibility upon hearing it.

      Accordingly, this Court should allow cross-examination into these CW-2's rape and kidnapping conviction, as well as the sentence imposed for these crimes.

## **Conclusion**

      For the reasons set forth above, this Court should deny the government's motion in its entirety.

      Thank you for your attention to this matter.

                                Respectfully submitted,

                                *Mark S. DeMarco*

                                Mark S. DeMarco
                                Jeremy Schneider
                                Attorneys for Mr. Brooks

cc:    Andrew Chan, Esq.
        Adam Hobson, Esq.
        Frank Balsamello, Esq.
        Assistant United States Attorneys
        By ECF & Electronic Mail