UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

Plaintiff,

– *against* –

DORIAN BROOKS,

Defendant.

**OPINION & ORDER**

19-cr-832-3 (ER)

RAMOS, D.J.:

On June 29, 2022, Dorian Brooks was sentenced to 180 months' imprisonment after pleading guilty to conspiracy to distribute and possess with the intent to distribute cocaine in violation of 21 U.S.C. §§ 841(b)(1)(C) and 846. Docs. 113; 162. In a separate action in Washington D.C., he was sentenced to twelve to thirty-six years' imprisonment for second degree murder, to run consecutively to any other sentence he received. Doc. 236 at 2. He is scheduled to be released on January 13, 2050. *Id.* at 4. Before the Court is Brooks' *pro se* motion to reduce his sentence. Doc. 228. For the reasons set forth below, the motion is DENIED.

## I. BACKGROUND

As detailed in Brooks' pre-sentence investigation report ("PSR"), during the late 1980s and early 1990s, Brooks and his co-defendants William Skinner and Luis Merced participated in a drug trafficking organization ("DTO") that distributed large quantities of both powder and crack cocaine in the New York City and Washington, D.C. metropolitan areas. Doc. 113 ¶ 9. Within the DTO, Brooks was known as an enforcer. *Id.* ¶ 10. In February 1989, Brooks and his co-defendants planned the robbery and murder of Efren Cardenas, a cocaine supplier, which they carried out on February 10, 1989. *Id.* ¶ 11.

On November 19, 2019, more than thirty years after the Cardenas murder, a grand jury indicted Brooks and his co-defendants on one count for murder in furtherance of drug trafficking. Doc. 1. On December 8, 2021, Brooks was charged in a superseding information with one count for a conspiracy to distribute cocaine. Doc. 98. That same day, Brooks waived his right to prosecution by indictment, consenting to proceeding by information. Doc. 99. On January 5, 2022, Brooks pleaded guilty to the information, pursuant to a plea agreement with the government. Docs. 141 at 1; 192 at 1. As relevant to the instant motion, in the plea agreement, Brooks agreed that he would not appeal a sentence within or below the stipulated Sentencing Guidelines range of 360 months' imprisonment to life imprisonment.[1] Docs. 162 at 6, 40–41; 192 at 8.

On June 29, 2022, Brooks was sentenced to fifteen years' imprisonment, and three years' supervised release. Doc. 142 at 1–3. During Brooks' sentencing, the Court stated that "[i]n 1989, for a period of approximately six months, Mr. Brooks engaged in what can only be described as an orgy of violence, during which he killed three different people." Doc. 162 at 33. The Court also noted that Brooks "reverted to criminal activity" after he had been released from the first of two second degree murder convictions in 2011, "suggest[ing] that the lesson [wa]s not yet learned." *Id.* at 36. Brooks continued to engage in criminal activity with one of his co-defendants as recently as 2017. Docs. 113 ¶ 14; 192 ¶¶ 14, 45–53; 162 at 14. On June 30, 2022, Brooks filed a notice of appeal of the final judgment, Doc. 143, which the Second Circuit dismissed on June 28, 2024, because he had waived his right to appeal a sentence within or below the stipulated Guidelines range in the plea agreement, Doc. 196. Brooks is currently serving his sentence at United States Penitentiary, Canaan ("USP Canaan") in northeastern Pennsylvania. Doc. 236 at 4. In April 2024, he was disciplined by the Bureau of Prisons ("BOP") after a 9-inch metal weapon was found inside his cell. Doc. 236 at 8.

[1] However, the statutory maximum for the offense is 20 years, so the effective Guidelines range is 240 months. Docs. 162 at 6; 192 at 8.

Brooks' co-defendants, Skinner and Merced, were sentenced to time-served and twenty years' imprisonment, respectively. Doc. 162 at 9–11. Skinner's PSR stated that, "[i]n 1988 or 1989, B[rooks] and other members of the DTO shot an individual who attempted to rob the DTO's dealers selling crack in their territory." Doc. 112 ¶ 14. On October 30, 2024, during Skinner's sentencing, the Court noted that "[i]n 1998 or 1999, Brooks and other members of the drug-trafficking organization shot an individual who attempted to rob the drug trafficking organization's dealers selling crack in their territory." Doc. 213 at 1, 37–38. Although Brooks and his co-defendants were charged with a conspiracy to distribute cocaine offense, they were all held responsible for Cardenas' murder. Doc. 113 ¶ 15.

On March 11, 2024, Brooks filed a motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the Sentencing Guidelines. Doc. 188. Section 3582(c)(2) allows a court to reduce the sentence of "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission . . . , if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Amendment 821 to the Sentencing Guidelines modifies the calculation of criminal history points (or "status points") for defendants who committed their offense while under a criminal justice sentence. Additionally, it modified the calculation of offense levels of those defendants who received zero points in the calculation of the criminal history score and whose instant offense did not involve specified aggravating factors under U.S.S.G. § 4C1.1. On September 16, 2024, the Court denied Brooks' request for a sentence reduction, determining that he was ineligible for the status point recalculation because he did not receive an enhancement for committing this offense while under a sentence of probation and ineligible for the zero-point recalculation because he did not have zero criminal history points. Doc. 207.

On March 23, 2026, Brooks filed the instant motion to reduce his sentence. Doc. 228. Brooks argues that the Court should reduce his sentence to ten years because of his rehabilitation, as evidenced by his mentorship of other inmates; an alleged factual error by the Court while resentencing his co-defendant, William Skinner; and as a middle ground between the sentences imposed upon his two co-defendants. *Id.* In support of his motion, Brooks states that he takes responsibility for his actions, he is needed at home and with his community, and he took part in community service by volunteering at the YMCA and a gun buy-back program once he was released from state prison in 2011. *Id.* at 2–4. On June 30, 2026, the government opposed the motion, arguing that Brooks failed to exhaust his administrative remedies, failed to identify an extraordinary and compelling reason to reduce his sentence, and, lastly, that the factors set forth in 18 U.S.C. § 3553(a) weigh strongly against reducing his sentence. Doc. 236.

## II. LEGAL STANDARDS

"Pursuant to 18 U.S.C. § 3582(c)(1) as modified by the First Step Act, a district court may reduce a term of imprisonment upon motion by a defendant." *United States v. Fernandez*, 104 F.4th 420, 426 (2d Cir. 2024) (quoting *United States v. Halvon*, 26 F.4th 566, 568 (2d Cir. 2022)). This is commonly known as "compassionate release" or a "compassionate release sentence reduction." *See United States v. Brooker*, 976 F.3d 228, 233 (2d Cir. 2020). "The defendant bears the burden of proving he is entitled to compassionate release." *United States v. Morel*, No. 11 Cr. 1032-54 (PAE), 2024 WL 4751270, at *3 (S.D.N.Y. Nov. 12, 2024) (citing *United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992)).

A court may make such a sentence modification:

> upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . .

*United States v. Saladino*, 7 F.4th 120, 123 (2d Cir. 2021) (emphasis omitted) (quoting 18 U.S.C. § 3582(c)(1)(A)). A Court "may reduce the term of imprisonment . . . after considering the factors set forth in [§] 3553(a) to the extent that they are applicable if it finds that (i) extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). "District courts may 'consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them.'" *Fernandez*, 104 F.4th at 427 (citing *Brooker*, 976 F.3d at 237). The § 3553(a) factors that a court may then consider include: the nature and circumstances of the offense, the history and characteristics of the defendant; the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment; the affordance of adequate deterrence; and the protection of the public from further crimes of the defendant. 18 U.S.C. § 3553(a).

A sentence reduction pursuant to § 3582(c) must also be "consistent with applicable policy statements issued by the Sentencing Commission." *United States v. Stokes*, No. 3-19 Cr. 307 (SRU), 2024 WL 216643, at *1 (D. Conn. Jan. 19, 2024) (quoting 18 U.S.C. § 3582(c)(1)(A)). "The applicable policy statement for [sentence reduction] is found in U.S. Sentencing Guidelines [] § 1B1.13 and Commentary," as amended and effective November 1, 2023. *Id.* at *2. This update was "meant to accord with the First Step Act's purpose of increasing the use of sentence reduction motions under [§] 3582(c)(1)(A)." *United States v. Donato*, Nos. 3 Cr. 929 and 5 Cr. 60 (NGG), 2024 WL 665939, at *3 (E.D.N.Y. Feb. 16, 2024) (internal quotation marks and citation omitted); *see Morel*, 2024 WL 4751270, at *4 ("The amended guidance from the Commission as to what constitutes extraordinary and compelling reasons now controls the analysis of a compassionate release petition, however initiated.").

The policy statement provides examples of what may establish an extraordinary and compelling reason: "(1) a defendant's medical circumstances; (2) a defendant's age; (3) a defendant's family circumstances; and (4) abuse suffered by the defendant while in

custody." *Id.* (internal quotations omitted) (citing U.S.S.G. § 1B1.13(b)). An unusually long sentence may also be a compelling reason, if the defendant has served at least ten years of the term of imprisonment, and there has been an intervening change in law that would create a gross disparity between the sentence being served and the sentence that would likely be imposed considering the intervening change in law. *Id.* at *4 (citing U.S.S.G. § 1B1.13(b)(6)). The policy statement "also includes a catch-all provision authorizing the court to consider '[o]ther [r]easons' that demonstrate extraordinary and compelling reasons warranting a reduction in sentence," where those other reasons are "similar in gravity" to the examples provided. *Id.* at *3 (citing U.S.S.G. § 1B1.13(b)(5)). Therefore, the policy statement "affords the court significant discretion to determine when a reduction in sentence is warranted." *Id.*

Finally, when litigants are proceeding *pro se*, their submissions to the court are construed liberally. *United States v. Pilcher*, 950 F.3d 39, 44 (2d Cir. 2020). As such, Brooks' motion will be analyzed with reference to the strongest arguments he raises. *Id.*

## III. DISCUSSION

For the following reasons, Brooks fails to meet his burden to demonstrate that he has exhausted his administrative remedies, there are extraordinary and compelling reasons for reducing his sentence, or the § 3553(a) factors warrant a sentence reduction.

### A. Exhaustion of Administrative Remedies

As a threshold matter, nothing in the record indicates that Brooks has exhausted administrative remedies, including applying for a sentence modification with the Director of the BOP, appealing the BOP's failure to bring a motion on his behalf, or waiting the requisite thirty days upon informing the warden of such a request. *See* 18 U.S.C. § 3582(c)(1)(A). USP Canaan has no record that Brooks requested a sentence reduction. Doc. 236 at 6. The lack of exhaustion alone provides a sufficient basis to deny the instant motion for a sentence reduction. *United States v. Keitt*, 21 F.4th 67, 71 (2d Cir. 2021) ("[A]n inmate may ask the sentencing court to consider reducing a sentence only 'after

the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.'" (quoting 18 U.S.C. § 3582(c)(1)(A))).

Nonetheless, as discussed below, even if Brooks had exhausted his administrative remedies, the reasons proffered by him for a sentence reduction are unavailing.

**B. Extraordinary and Compelling Reasons**

Brooks proffers three reasons why the Court should order a sentence reduction: (1) he has been rehabilitated, (2) the Court allegedly stated a factual inaccuracy while resentencing his co-defendant, William Skinner; and (3) a reduced sentence would be an appropriate middle ground between the sentences imposed upon his two co-defendants. Doc. 228. As Brooks has not alleged any circumstances related to § 1B1.13(b)(1)–(4) or (6), including his medical condition, age, family, abuse in custody, or an unusually long sentence coupled with a change in law, the Court assesses whether Brooks qualifies for a sentence reduction pursuant to the catch-all provision for circumstances "similar in gravity" to those listed here.

First, Brooks argues that he has dedicated himself to changing his life and has become a mentor within USP Canaan. Doc. 228 at 1–2, 4. Although Brooks' efforts to turn his life around are admirable, "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason" for a sentence reduction. 28 U.S.C.A. § 994(t). "However, a defendant's rehabilitation 'may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted.'" *Donato*, 2024 WL 665939, at *4 (quoting U.S.S.G. § 1B1.13(d)).

Second, Brooks argues that his June 29, 2022 sentencing was tainted because on October 30, 2024, while resentencing his co-defendant William Skinner, the Court mistakenly stated that Brooks was involved in crimes, including the shooting of several

individuals, committed between 1998 and 1999. Docs. 162 at 1; 213 at 1, 37–38; 228 at 3. The government argues that it is likely the Court was referencing the murder of Lawrence Monroe on February 6, 1989, and the date was likely a misstatement, but one that did not affect Brooks' sentencing. Doc. 236 at 7. Indeed, given the context, the Court was referring to the murders listed in Skinner's PSR: "[i]n 1988 or 1989, B[rooks] and other members of the DTO shot an individual who attempted to rob the DTO's dealers selling crack in their territory." Doc. 112 ¶ 14. The Court understands that Brooks was involved in this violence 1988 or 1989, and not a decade later. *See id.* Thus, the reasons enumerated in Brooks' June 29, 2022 sentencing remain, and this circumstance is not one that is extraordinary or compelling.

Third, Brooks argues that ten years' imprisonment is a more appropriate sentence because it is the midpoint between the sentences of his two co-defendants. Doc. 228 at 2. However, this does not constitute an extraordinary and compelling reason either because, as Brooks notes, the Court determined that the circumstances surrounding his conviction were not comparable to those of his co-defendants. *Id.* The Second Circuit has held that when there are clear facts differentiating co-defendants, a "sentencing disparity is not an 'extraordinary and compelling reason[]' to reduce [a defendant's] sentence under the plain meaning of the statute." *Fernandez*, 104 F.4th at 428 (quoting 18 U.S.C. § 3582(c)(1)(A)(i)); *see also United States v. Seabrook*, No. 23 Cr. 6279, 2025 WL 3484616, at *3 (2d Cir. Dec. 4, 2025) (holding that a sentencing disparity between co-defendants is not an extraordinary or compelling reason that justifies a sentence reduction).

Considering these arguments, Brooks has not shown "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).

**C. Section 3553(a) Factors**

Finally, on balance, the sentencing factors set forth in 18 U.S.C. § 3553(a) do not weigh in favor of a sentence reduction, either. Brooks, taking responsibility for his

actions, states that he is needed at home and with his community, where he can make a positive impact. Doc. 228 at 4. He also discusses the commendable community service work in which he engaged after being released from state prison in 2011. *Id.* at 2. As noted during Brooks' sentencing, the Court must "take into account the severity of the offense, the fact that a human life was taken, and the fact that the sentence has to convey a message that, no matter your background . . . it will not excuse the taking of a life." Doc. 162 at 37. The sentence was imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment. *See id.* at 7–11. Those reasons have not changed.

Therefore, the Court finds that the § 3553(a) factors weigh against granting Brooks a sentence reduction.

## IV. CONCLUSION

For the aforementioned reasons, Brooks' motion for sentence reduction is DENIED. The Clerk of Court is respectfully directed to terminate the motion, Doc. 228.

It is SO ORDERED.

Dated: October 14, 2026
New York, New York

EDGARDO RAMOS, U.S.D.J.